FILED

MAR 18 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ERIC ANTHONY DE LA ROSA,** | § | |
| Plaintiff, | § | |
| vs. | § | |
| | § | **Case No.** |
| **VBM ACQUISITION, LLC d/b/a** | § | |
| **TOYOTA OF BOERNE,** a Texas | § | SA26CA1942 OG |
| Limited Liability Company | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Eric Anthony De La Rosa ("Plaintiff"), files this action to halt the persistent and unauthorized solicitation campaign conducted by Defendant VBM Acquisition, LLC, doing business as Toyota of Boerne ("Defendant").

This lawsuit arises from Defendant's refusal to respect Plaintiff's privacy rights. Despite Plaintiff's explicit requests for the communications to cease, Defendant has continued to solicit Plaintiff with unwanted phone calls and text messages. Defendant's conduct constitutes a willful violation of federal and state laws designed to protect consumers from this exact type of intrusion. Through this action, Plaintiff seeks statutory damages and injunctive relief to enforce his privacy rights under the Telephone Consumer Protection Act ("TCPA") and the Texas Telephone Solicitation Act ("TTSA").

The National Do Not Call Registry was established to give consumers control over the solicitations they receive. *See* 47 C.F.R. § 64.1200(c)(2). Once a consumer registers their number, telemarketers are legally obligated to honor that listing indefinitely. *Id.* Both the TCPA and its implementing regulations forbid initiating telephone solicitations to residential subscribers listed

1

on the Registry and provide a private right of action against any entity that violates these protections. 47 U.S.C. § 227(c)(5).

Plaintiff alleges the following based on personal knowledge regarding his own actions and experiences, and on information and belief regarding all other matters:

## PARTIES

1. Plaintiff, Eric Anthony De La Rosa, is an individual and a citizen of the State of Texas, residing at 27527 Sage View, Boerne, Texas 78015.

2. Defendant, VBM Acquisition, LLC, is a Texas Limited Liability Company that conducts business under the name "Toyota of Boerne." Defendant maintains a registered office at 31205 IH-10 West, Boerne, Texas 78006. Defendant may be served with process through its registered agent, Vic Vaughan, at the same address.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the claims arise under the laws of the United States, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because they form part of the same case or controversy.

4. This Court has personal jurisdiction over Defendant because Defendant is organized under the laws of Texas, maintains its principal place of business within this District, and the calls and texts at issue were directed toward and received by Plaintiff within this District.

5. Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b). A substantial part of the events or omissions giving rise to the claim occurred in

this District, specifically the receipt of the unwanted communications by the Plaintiff. Furthermore, Defendant resides in this District.

## FACTUAL ALLEGATIONS

6. Defendant VBM Acquisition, LLC operates a car dealership and service center doing business as Toyota of Boerne.

7. To drive revenue for its service department, Defendant engages in telemarketing campaigns to solicit vehicle maintenance appointments and sell related services.

8. Plaintiff is the subscriber and sole user of the cellular telephone number (915) 540-2479 (the "Number").

9. Plaintiff maintains this wireless number for strictly personal and residential use. He utilizes the Number to communicate with friends and family and to manage personal affairs; he does not use the Number for commercial business purposes.

10. To avoid unwanted solicitations and protect his privacy, Plaintiff registered the Number with the National Do Not Call Registry on or about July 13, 2025.

11. Despite Plaintiff's registration on the Do Not Call Registry, Defendant launched a solicitation campaign targeting Plaintiff beginning on or around December 9, 2025.

12. On or about December 9, 2025, the date the unwanted contact began, Plaintiff explicitly requested that Defendant cease all communications.

13. Notwithstanding this express revocation of consent and the demand to stop, Defendant ignored Plaintiff's request and continued to bombard him with calls and text messages. As of January 22, 2026, the harassment has not ceased.

14. Since the initial stop request, Plaintiff has received at least ten (10) unauthorized calls and text messages from Defendant. A non-exhaustive list of these violations includes:

a. On or about December 26, 2025, Plaintiff received a call from (210) 879-3235 to his Number. The call was a solicitation attempting to schedule vehicle maintenance.

b. On or about December 31, 2025, Plaintiff received an additional call from (210) 940-1041 to his Number. A representative identifying himself as "Ian" attempted to discuss and sell car maintenance services on behalf of Defendant.

c. On or about January 6, 2026, Plaintiff received a call from (210) 879-3235 to his Number. This call was identical to the call received on December 26. Plaintiff noted that the message, including the cadence, tempo, and tone of the voice, was identical to the previous call, indicating the use of a pre-recorded voice or artificial intelligence rather than a live agent. The pre-recorded message was again soliciting vehicle maintenance services of Defendant.

d. On or about January 20, 2026: Plaintiff received another call from (210) 879-3235 to his Number in which Defendant's service department again attempted to solicit maintenance work.

f. On or about February 13, 2026 at or around 1:15pm, Plaintiff received a text message from (210) 630-4133 to his Number from "Julian" on behalf of Defendant attempting to try and sell him a 2026 4Runner. Defendant responded "Do not contact me anymore please" again requesting Defendant and their agents to cease communications.

15. The identical characteristics of the numerous calls received from (210) 879-3235 indicate that Defendant utilizes pre-recorded/artificial voice technology to mass-dial consumers without human intervention.

16. Defendant's continued contact after being told to stop demonstrates a willful and knowing disregard for the law and Plaintiff's privacy rights.

.

4

17. Defendant's unauthorized conduct has caused Plaintiff actual harm, including the invasion of his privacy, aggravation, nuisance, and the waste of his time and mobile device resources, such as data and battery life, in addressing these unwanted intrusions.

**COUNT I**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. 227(c))**

18. Plaintiff repeats and realleges the facts and claims set forth in paragraphs 1 through 17 above as if fully restated herein.

19. The Telephone Consumer Protection Act and its implementing regulations, specifically 47 C.F.R. § 64.1200(c)(2), prohibit telemarketers from initiating telephone solicitations to residential subscribers who have registered their telephone numbers on the National Do Not Call Registry.

20. Defendant violated 47 U.S.C. § 227(c) by initiating multiple telemarketing calls and text messages to Plaintiff's telephone number. At the time of these calls, Plaintiff's number was actively listed on the National Do Not Call Registry, and Plaintiff had not provided prior express invitation or permission for such contact. On the contrary, Plaintiff had explicitly demanded that the contact cease.

21. Defendant placed more than one telephone solicitation to Plaintiff within a 12-month period, thereby satisfying the statutory requirement to bring a private right of action under 47 U.S.C. § 227(c)(5).

22. Defendant's violations were committed knowingly and willfully. Defendant continued to solicit Plaintiff after being directly informed on December 9, 2025, that the calls were unwanted and must stop. Defendant failed to honor the Registry and failed to honor Plaintiff's internal do-not-call request.

5

23.     As a direct result of Defendant's violations of 47 U.S.C. § 227(c), Plaintiff is entitled to statutory damages. Plaintiff seeks an award of $500.00 for each violation. Furthermore, because Defendant's conduct was willful and knowing, Plaintiff requests that the Court treble the damages to $1,500.00 for each violation, pursuant to 47 U.S.C. § 227(c)(5).

24.     Plaintiff further seeks injunctive relief to prohibit Defendant from making future unsolicited calls to Plaintiff's number, as allowed by the statute.

**COUNT II**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. 227(b))**

25.     Plaintiff repeats and realleges the facts and claims set forth in paragraphs 1 through 17 above as if fully restated herein.

26.     Section 227(b)(1)(A)(iii) of the TCPA makes it unlawful for any person within the United States to make a call to a cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party, unless the call is for emergency purposes.

27.     Defendant violated this provision by placing calls to Plaintiff's cellular telephone using an artificial or pre-recorded voice. As alleged in the factual background, the calls received by Plaintiff, specifically those from (210) 879-3235, exhibited identical properties, including the exact same message, cadence, and tempo. This repetition confirms that the "speaker" was not a live human agent but rather a pre-recorded message or artificial voice technology utilized by Defendant.

28.     Defendant did not have Plaintiff's prior express consent to make these automated calls. In fact, Plaintiff had expressly revoked any potential consent on December 9, 2025 as well as numerous thereafter. Furthermore, none of the calls were made for emergency purposes.

29.     As a consequence of Defendant's unlawful use of artificial/pre-recorded messages, Plaintiff has suffered actual harm, including the invasion of his privacy, the occupation of his cellular telephone line, and the intrusion upon his seclusion.

30.     Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to statutorily prescribed damages of $500.00 for each violation of this section.

31.     Because Defendant continued to utilize this automated technology to harass Plaintiff after receiving actual notice that the calls were unwelcomed, Defendant's conduct was willful and knowing. Therefore, Plaintiff requests that the Court exercise its discretion under 47 U.S.C. § 227(b)(3) to increase the award to $1,500.00 for each violation.

## COUNT III
### Telephone Consumer Protection Act
### (Violation of 47 C.F.R § 64.1200)

32.     Plaintiff repeats and realleges the facts and claims set forth in paragraphs 1 through 17 above as if fully restated herein.

33.     The TCPA's implementing regulations, specifically 47 C.F.R. § 64.1200(d), strictly forbid any person or entity from initiating a telemarketing call to a residential telephone subscriber unless that entity has established and implemented procedures to maintain a list of persons who request not to receive such calls.

34.     To comply with this regulation, a telemarketer must meet specific minimum standards, which include: (1) maintaining a written policy available on demand; (2) training personnel on the existence and use of the do-not-call list; (3) recording and honoring do-not-call requests within a reasonable time, not to exceed thirty days; (4) identifying the seller and the caller; and (5) maintaining the record of the do-not-call request for five years.

35. Defendant violated 47 C.F.R. § 64.1200(d) by initiating telemarketing calls to Plaintiff without having or enforcing these required procedures.

36. Specifically, on December 9, 2025, Plaintiff explicitly instructed Defendant to stop contacting him. Under 47 C.F.R. § 64.1200(d)(3), Defendant was required to record this request and place Plaintiff's number on its internal do-not-call list immediately.

37. Defendant failed to honor this request. Instead, Defendant's agents, including the individual identified as "Ian" and the automated system utilizing pre-recorded messages used on numerous dates in including January 6, 2026, continued to solicit Plaintiff well after the request was made.

38. The fact that calls continued on December 26, December 31, January 6, and January 20 demonstrates that:

    a. Defendant lacks a written policy for maintaining a do-not-call list;

    b. Defendant failed to train its personnel on how to process a do not-call request; and/or

    c. Defendant failed to record Plaintiff's request effectively.

39. These systemic failures constitute distinct violations of the regulations prescribed under 47 U.S.C. § 227(c).

40. As a result of Defendant's failure to implement these mandatory consumer protections, Plaintiff was harassed by unwanted calls he had specifically taken steps to prevent.

41. Pursuant to 47 U.S.C. § 227(c)(5), Plaintiff is entitled to a statutory award of $500.00 for these violations. Furthermore, given that Defendant ignored a direct request to stop, evidencing a willful violation, Plaintiff requests that the Court treble the damages to $1,500.00 per violation.

<u>**COUNT IV**</u>
**Violation of Texas Regulation of Telephone Solicitation**
**Tex. Bus. & Com. Code Ann. § 302**

42.     Plaintiff repeats and incorporates by reference the factual allegations and claims asserted in paragraphs 1 through 17 of this Complaint.

43.     Chapter 302 of the Texas Business and Commerce Code establishes strict regulations for entities conducting telephone solicitations within the state. Specifically, Section 302.101(a) mandates that a seller may not make a telephone solicitation from a location in Texas unless the seller holds a valid registration certificate for the specific business location from which the call originates.

44.     The statute further emphasizes that a separate registration certificate is required for each business location used for solicitation purposes. See Tex. Bus. & Com. Code § 302.101(b).

45.     Upon information and belief, Defendant failed to obtain the requisite telephone solicitation registration certificate from the Texas Secretary of State before initiating its marketing campaign against Plaintiff. Although Defendant is a registered business entity in Texas, it has not complied with the specific registration requirements necessary to legally operate as a telephone solicitor.

46.     Plaintiff has verified as of March 15, 2026, that the Defendant does not hold the requisite telephone solicitation registration certificate. Plaintiff verified by checking the Texas Secretary of State website. (https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp)

47.     By contacting Plaintiff to sell services without holding this specific registration certificate, Defendant has violated Chapter 302 of the Texas Business and Commerce Code.

48.     As a direct consequence of Defendant's unauthorized solicitations, Plaintiff is entitled to civil penalties. Pursuant to Tex. Bus. & Com. Code § 302.302(a), Plaintiff seeks statutory damages of up to $5,000.00 for each violation committed by Defendant.

49. Additionally, Plaintiff is entitled to recover the costs associated with bringing this action. Pursuant to Tex. Bus. & Com. Code § 302.302(d), Plaintiff requests an award of all reasonable costs of prosecution, including but not limited to court costs, investigation expenses, deposition expenses, witness fees, and reasonable attorney's fees.

**<u>COUNT V</u>**
**Violation of the Texas Business and Commerce**
**(Tex. Bus. & Com. Code § 305)**

50. Plaintiff adopts and reiterates the allegations and legal claims set forth in paragraphs 1 through 17 above as though fully set forth herein.

51. Section 305.053(a) of the Texas Business and Commerce Code creates a distinct state-level cause of action for any consumer who receives a communication that violates the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

52. As detailed in Counts I, II, and III of this Complaint, Defendant's conduct, specifically the use of automated equipment, artificial/pre-recorded messages, and the solicitation of a number listed on the Do Not Call Registry, constitutes clear violations of 47 U.S.C. § 227(b) and § 227(c).

53. Because Plaintiff's number was registered on the National Do Not Call Registry on or around July 13, 2025, it is automatically deemed part of the Texas no-call list protected by this statute. Defendant disregarded this registration.

54. Consequently, Defendant's federal violations serve as the predicate for liability under Texas law. Plaintiff is entitled to bring this action to enforce these rights in state court or federal court under supplemental jurisdiction.

55. Pursuant to Tex. Bus. & Com. Code § 305.053(b), Plaintiff is entitled to recover the greater of his actual damages or statutory damages of $500.00 for each violation.

56. Moreover, Defendant's violations were not accidental, they were committed knowingly and intentionally. Defendant continued its solicitation campaign even after Plaintiff expressly demanded on December 9, 2025, that the contact cease.

57. Due to the knowing and intentional nature of these acts, Plaintiff requests that the Court exercise its authority under Tex. Bus. & Com. Code § 305.053(c) to treble the damages, awarding Plaintiff up to $1,500.00 for each violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eric Anthony De La Rosa respectfully requests that this Court enter judgment in his favor and against Defendant VBM Acquisition, LLC, and grant the following relief:

A. An order permanently enjoining Defendant, its affiliates, subsidiaries, agents, and any other persons or entities acting on its behalf, from initiating any future telephone solicitations or text messages to Plaintiff's telephone number, absent an emergency;

B. An award of $500.00 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3) and § 227(c)(5);

C. An award of treble damages in the amount of $1,500.00 for each and every knowing and willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3) and § 227(c)(5);

D. An award of $5,000.00 for each violation of the Texas Regulation of Telephone Solicitation Act, pursuant to Tex. Bus. & Com. Code § 302.302(a);

E. An award of $500 or $1,500, if found to be willful, for each violation of Tex. Bus. & Com. Code § 305.053;

F.    An award of all reasonable costs associated with prosecuting this action, including filing fees, court costs, investigation expenses, witness fees, and reasonable attorney's fees, as explicitly authorized by Tex. Bus. & Com. Code § 302.302(d); and

G.    Any such further relief, whether legal or equitable, that this Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

DATED this 16ᵗʰ day of March 2026.        Respectfully Submitted,

Eric Anthony De La Rosa
Plaintiff
27527 Sage View
Boerne, TX 78015
(915) 540-2479
b_bayside@yahoo.com