**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**ERIC ANTHONY DE LA ROSA,**
         *Plaintiff,*

**v.**

                                                          **Civil Action No.: 5:26-cv-01942 OG**

**VBM ACQUISITION, LLC d/b/a**
**TOYOTA OF BOERNE LLC,**
         *Defendant and Respondent.*

**ANSWER OF VBM ACQUISITION, LLC AND TOYOTA OF BOERNE LLC**

Defendants VBM Acquisition, LLC and Toyota of Boerne LLC ("Defendants") files their Original Answer to the Complaint filed by Plaintiff Eric Anthony De La Rosa ("Plaintiff") and respectfully show the Court as follows:

Defendants deny the allegations contained in the first four unnumbered paragraphs of the Complaint.

**Motion to Dismiss**

For the reasons stated in the motion filed contemporaneously herewith, Defendant moves to dismiss the plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**Rule 8(b) Denials and Admissions**

1.     Defendants can neither admit nor deny the allegations in the paragraph numbered "1" of the Complaint.

2.     Defendants deny that VBM "conducts business under the name of 'Toyota of Boerne'. Defendants admit the remaining allegations in paragraph 2 of the Complaint.

3.     Defendants deny the allegations in the paragraph numbered "3" of the Complaint.

4.     Defendants deny the allegations in the paragraph numbered "4" in the Complaint.

5.     Defendants deny the allegations in the paragraph numbered "5" of the Complaint.

6.    Defendants admit the allegations in the paragraph numbered "6" of the Complaint.

7.    Defendants deny the allegations in the paragraph numbered "7" of the Complaint.

8.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the paragraph numbered "8" of the Complaint.

9.    Defendants lack information or knowledge sufficient form a belief as to the truth of the allegations in the paragraph numbered "9" of the Complaint.

10.    Defendants lack information or knowledge sufficient to form a belief as to the truth of  the allegations in the paragraph numbered "10" of the Complaint.

11.    Defendants deny the allegations in the paragraph numbered "11" of the Complaint.

12.    Defendants deny the allegations in the paragraph numbered "12" of the Complaint.

13.    Defendants deny the allegations in the paragraph numbered "13" of the Complaint.

14.    Defendants deny the allegations in the paragraph numbered "14" of the Complaint.

15.    Defendants deny the allegations in the paragraph numbered "15" of the Complaint.

16.    Defendants deny the allegations in the paragraph numbered "16" of the Complaint.

17.    Defendants deny the allegations in the paragraph numbered "17" of the Complaint.

18.    Defendants deny the allegations in the paragraph numbered "18" of the Complaint.

19.    Defendants deny the allegations in the paragraph numbered "19" of the Complaint.

20.    Defendants deny the allegations in the paragraph numbered "20" of the Complaint.

21.    Defendants deny the allegations in the paragraph numbered "21" of the Complaint.

22.    Defendants deny the allegations in the paragraph numbered "22" of the Complaint.

23.    Defendants deny the allegations in the paragraph numbered "23" of the Complaint, and specifically deny that the plaintiff is entitled to the relief sought.

24.    Defendants deny the allegations in the paragraph numbered "24" of the Complaint,

and specifically deny that the plaintiff is entitled to the relief sought.

25.    Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.    Defendants admit that paragraph 26 of the Complaint contains an imprecise interpretation of Federal law but otherwise deny the allegations in the paragraph numbered 26 of the Complaint.

27.    Defendants deny the allegations contained in the paragraph numbered 27 of the Complaint.

28.    Defendants deny the allegations in the paragraph numbered 28 of the Complaint.

29.    Defendants deny the allegations in paragraph 29 of the Complaint.

30.    Defendants deny the allegations in paragraph 30 of the Complaint.

31.    Defendants deny the allegations in paragraph 31 of the Complaint.

32.    Defendants deny the allegations in the paragraph numbered 32 of the Complaint.

33.    Defendants admit that the allegations in paragraph 33 of the Complaint contain an complete and imprecise interpretation of Federal law but otherwise deny the allegations.

34.    Defendants admit that the allegations in paragraph 34 of the Complaint contain an incomplete and imprecise interpretation of Federal law but otherwise deny the allegations.

35.    Defendants deny the allegations in paragraph 35 of the Complaint.

36.    Defendants deny the allegations in paragraph 36 of the Complaint.

37.    Defendants deny the allegations in paragraph 37 of the Complaint.

38.    Defendants deny the allegations in paragraph 38 of the Complaint.

39.    Defendants deny the allegations in paragraph 39 of the Complaint.

40.    Defendants deny the allegations in paragraph 40 of the Complaint.

41.    Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Defendants deny the allegations in paragraph 42 of the Complaint.

43.     Defendants admit that paragraph 43 of the Complaint contains an incomplete and imprecise interpretation of Texas law but otherwise deny the allegations.

44.     Defendants admit that paragraph 44 of the Complaint contains an incomplete and imprecise interpretation of Texas law but otherwise deny the allegations.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46.     Defendants admit that paragraph 46 of the Complaint contains an incomplete and imprecise interpretation of Texas law but otherwise deny the allegations.

47.     Defendants admit that paragraph 47 of the Complaint contains an incomplete and imprecise interpretation of Texas law but otherwise deny the allegations.

48.     Defendants deny the allegations in paragraph 48 of the Complaint.

49.     Defendants deny the allegations in paragraph 49 of the Complaint.

50.     Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Defendants admit that paragraph 51 of the Complaint contains an incomplete and imprecise interpretation of Texas law and denies the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

53.     Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

55.     Defendants deny the allegations in paragraph 55 of the Complaint.

56.     Defendants deny the allegations in paragraph 56 of the Complaint.

57.     Defendants deny the allegations in paragraph 57 of the Complaint.

58.     Defendants deny that the plaintiff is entitled to any of the relief sought.

**Affirmative Defenses**

59.     Without waiving or contradicting any of the denials stated above, and without assuming any burden that would otherwise rest on Plaintiff, and expressly reserving all defenses that may become applicable as discovery proceeds, Defendant asserts the following affirmative defenses:

60.     To the extent any communications occurred, they were made with Plaintiff's prior express consent, invitation, or permission, which had not been effectively revoked.

61.     Defendant maintained and implemented reasonable policies and procedures designed to comply with applicable laws and any alleged violations, if they occurred, were the result of error despite good-faith efforts to comply.

62.     Defendant did not use an artificial or prerecorded voice or an automatic telephone dialing system as alleged.

63.     Any alleged violation was not willful or knowing, precluding treble damages or enhanced penalties.

64.     Any alleged injury was caused, in whole or in part, by acts or omissions of third parties or by Plaintiff, breaking causation or reducing any recoverable damages.

65.     Plaintiff failed to mitigate any alleged damages.

66.     Defendant is not vicariously liable for acts of any third parties, including vendors or agents, to the extent any such third parties acted outside the scope of authority or contrary to Defendant's policies.

67.     Defendant reserves the right to assert additional affirmative defenses that may be revealed through investigation and discovery.

**Prayer**

WHEREFORE, Defendant respectfully requests that the Court: a) Dismiss Plaintiff's Complaint with prejudice and take nothing by it; b) Deny all relief requested by Plaintiff, including damages, injunctive relief, fees, and costs; c) Award Defendant its costs of court; and d) Grant Defendant all such other and further relief, at law or in equity, to which it may be justly entitled.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:    /s/ *Michael D. Sydow*

**Michael D. Sydow**
Texas Bar No. 19592000
Michael.Sydow@lewisbrisbois.com
24 Greenway Plaza, Suite 1400
Houston, Texas  77046
713.659.6767 | Telephone
832.460.4631 | Direct
713.759.6830 | Facsimile

**Attorneys for Defendant**
**VBM ACQUISITION, LLC d/b/a**
**TOYOTA OF BOERNE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on all counsel of record pursuant to the Federal Rules of Civil Procedure via the CM/ECF electronic filing system on this 15th day of June, 2026.

/s/ *Michael D. Sydow*
Michael D. Sydow