**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| ERIC ANTHONY DE LA ROSA,<br><br>Plaintiff,<br><br>v.<br><br>VBM ACQUISITION, LLC d/b/a<br>TOYOTA OF BOERNE,<br><br>Defendant. | Case No. 5:26-cv-01942-OLG-ESC |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Eric Anthony De La Rosa respectfully moves, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule CV-7(b), for leave to file the First Amended Class Action Complaint attached as Exhibit A. A proposed order is submitted herewith. This Motion is timely filed within the October 30, 2026 deadline to amend pleadings set by the Court's Scheduling Order. ECF No. 15 ¶ 2. Plaintiff attempted to confer with Defendant's counsel on October 26, 29, and 30, 2026, but received no response. Accordingly, Plaintiff has been unable to determine Defendant's position or resolve this motion by agreement.

Plaintiff filed this action *pro se*. He has since retained counsel, and the proposed amendment is the first pleading in this case prepared by a lawyer. It does two things. First, it streamlines the case in that it consolidates the five counts of the Original Complaint into four, eliminates the derivative claim under Texas Business and Commerce Code § 305.053, and restates the remaining Telephone Consumer Protection Act ("TCPA") and Texas Business and Commerce Code § 302.101 claims with the structure and specificity of a counsel-drafted pleading. Second, it asserts those same claims on behalf of putative classes of persons who received the same kinds of

calls from Defendant, which Plaintiff could not do while representing himself. The amendment names no new defendant, adds no new cause of action, and rests on the same calls alleged in the Original Complaint.

## BACKGROUND

### A. The Calls and the Original Complaint.

This is an action under the TCPA, 47 U.S.C. § 227, and related state law claims under the Texas Business and Commerce Code. Plaintiff's residential cellular telephone number has been registered on the National Do Not Call Registry since July 13, 2025. ECF No. 1 ("Compl.") ¶¶ 8-10. Defendant VBM Acquisition, LLC, which operates the Toyota of Boerne dealership and service center, began soliciting Plaintiff on or about December 9, 2025, and Plaintiff asked Defendant to stop that same day. *Id.* ¶¶ 6-7, 11-12. The calls and text message calls continued anyway. Plaintiff received at least ten after his request, including service department solicitations on December 26, 2025, December 31, 2025, January 6, 2026, and January 20, 2026, and a February 13, 2026 text message offering him a 2026 4Runner, in response to which he again asked Defendant to stop contacting him. *Id.* ¶¶ 13-14. The December 26 and January 6 calls came from the same number and delivered a message identical in content, cadence, tempo, and tone, indicating a prerecorded or artificial voice. *Id.* ¶¶ 14(c), 15. Plaintiff also alleges that Defendant does not hold a telephone solicitation registration certificate from the Texas Secretary of State. *Id.* ¶¶ 45-46.

Plaintiff, proceeding *pro se*, filed the Original Complaint on March 18, 2026. It asserted five individual counts: (I) violation of the TCPA's national do-not-call provisions, 47 U.S.C. § 227(c); (II) violation of the TCPA's prerecorded voice provision, 47 U.S.C. § 227(b); (III) violation of the TCPA's internal do-not-call regulations, 47 C.F.R. § 64.1200(d); (IV) violation of Texas Business and Commerce Code chapter 302; and (V) a claim under Texas

Business and Commerce Code § 305.053 premised on the same TCPA violations alleged in Counts I through III. Compl. ¶¶ 18-57. The case was referred to United States Magistrate Judge Elizabeth S. Chestney for all pretrial proceedings, ECF No. 7, and on August 19, 2026, the Court entered a Scheduling Order that set October 30, 2026 as the deadline for motions to amend pleadings, January 29, 2027 as the close of discovery, and March 5, 2027 as the dispositive motion deadline. ECF No. 15 ¶¶ 2, 5-6. No trial date has been set. *Id.* ¶ 8.

**B. Plaintiff Retains Counsel and Proposes a Streamlined Class Pleading.**

Plaintiff has since retained undersigned counsel, who prepared the proposed First Amended Class Action Complaint. The amendment does not change the underlying facts. It pleads the same Registry listing, the same December 9, 2025 stop request, the same calls and text messages on the same dates from the same numbers, the same prerecorded messages, and the same lack of Texas registration that the Original Complaint alleged.

What changes is the structure and scope of the pleading. The amendment organizes the case into four counts, a national do-not-call claim (Count I), a TCPA prerecorded voice claim (Count II), a Texas Business and Commerce Code claim § 302.101 (Count III), and a TCPA internal do-not-call claim (Count IV). It drops the Original Complaint's derivative § 305.053 claim. It adds a background section setting out the governing statutory and regulatory framework, adds factual allegations concerning the residential character of Plaintiff's number and the Texas origin of Defendant's solicitations, and corrects drafting errors in the *pro se* pleading. And it asserts each claim on behalf of a corresponding putative class under Federal Rule of Civil Procedure 23 (a National DNC Class, a Robocall Class, a Texas Business and Commerce Code Class, and an Internal Do Not Call Class), each defined by reference to the same conduct alleged to have injured Plaintiff.

## ARGUMENT

### A. Leave to Amend Should Be Freely Given Under Rule 15(a)(2).

A court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "evinces a bias in favor of granting leave to amend," *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), and "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Because this Motion is filed before the Scheduling Order's deadline for amending pleadings, that liberal standard governs. Rule 16(b)'s stricter good cause standard applies only to amendment of pleadings "after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003). The relevant considerations are undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). None is present.

<u>No undue delay, bad faith, or dilatory motive.</u> This is Plaintiff's first request to amend, and it is filed within the Court's deadline for amending pleadings. Its timing reflects nothing more than the ordinary course of a case filed *pro se* in which the plaintiff later retains counsel. Plaintiff drafted and filed the Original Complaint himself and has now, through counsel, moved to amend within the time the Court allotted for doing so. Nor could Plaintiff have asserted class claims any earlier. A litigant proceeding without a lawyer may plead his own claims, but not those of others. 28 U.S.C. § 1654; *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."). The class claims could only be brought by Plaintiff only once he retained counsel.

No prejudice. The amendment adds no new defendant and no new cause of action, and it eliminates one claim altogether. Every claim in the proposed pleading was asserted in the Original Complaint, and every claim arises from the same calls and text message calls that have been at issue since this case was filed. Nor do the class allegations take Defendant by surprise. The Original Complaint itself alleged that the identical characteristics of the calls "indicate that Defendant utilizes pre-recorded/artificial voice technology to mass-dial consumers without human intervention." Compl. ¶ 15. Class members will be identified from Defendant's own calling records and do-not-call list, the same records that bear on Plaintiff's individual claims. Discovery remains open until January 29, 2027, the expert designation deadline has not passed, dispositive motions are not due until March 5, 2027, and no trial date has been set. ECF No. 15 ¶¶ 3, 5-6, 8. That an amended pleading causes some inconvenience to an opposing party is not the kind of undue prejudice that warrants denial. *Molina v. Caliber Home Loans, Inc.*, No. 3:15-CV-00757, 2016 WL 3660621, at *4-*5 (N.D. Tex. Mar. 15, 2016).

No futility. Futility is measured under the Rule 12(b)(6) standard, accepting the proposed pleading's well-pleaded facts as true. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). The proposed claims are the claims Plaintiff has pleaded from the outset, and which Defendant has answered, now set out by counsel, and each rests on specific factual allegations. The national do-not-call claim requires more than one telephone solicitation within a 12-month period to a residential number listed on the Registry, 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2), and Plaintiff alleges at least ten solicitations over roughly two months to his residential cellular number, which had been registered since July 2025. The internal do-not-call claim rests on Defendant's failure to honor a request not to be called, *see* 47 C.F.R. § 64.1200(d)(3), and Plaintiff alleges that the calls continued after his December 9, 2025 request

and that he repeated the request in February 2026. The prerecorded voice claim requires a call to a cellular number using an artificial or prerecorded voice without prior express consent, 47 U.S.C. § 227(b)(1)(A)(iii), and Plaintiff alleges two calls from the same number that delivered an identical message with identical cadence, tempo, and tone. And the Texas claim requires a seller making telephone solicitations from a location in Texas or to a purchaser located in Texas to hold a registration certificate, Tex. Bus. & Com. Code § 302.101(a), which Plaintiff alleges Defendant lacks based on a search of the Secretary of State's records.

The addition of class allegations does not change that analysis. Whether the proposed classes satisfy Rule 23 is a question the Court will decide on a motion for class certification "[a]t an early practicable time," Fed. R. Civ. P. 23(c)(1)(A), on a developed record, not on a motion for leave to amend. Each proposed class is defined by reference to the same conduct alleged to have injured Plaintiff, and the proposed pleading alleges each of the Rule 23(a) and (b) requirements. Any dispute over whether those requirements are met belongs at class certification.

### B. Amendment Is Particularly Appropriate Where a *Pro Se* Plaintiff Retains Counsel.

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), precisely because lawyers did not draft them. When a *pro se* plaintiff later retains counsel, allowing counsel to replead serves the Court and the parties alike. It replaces an operative pleading that must be liberally construed with one that frames the claims precisely, and it fixes the issues for discovery, dispositive motions, and class certification. The proposed amendment does exactly that. It corrects errors in the *pro se* pleading, organizes the claims around the governing statutes and regulations, and narrows the case by eliminating the § 305.053 claim. Rule 15 is the proper vehicle for that narrowing. *See Exxon Corp.*

*v. Md. Cas. Co.*, 599 F.2d 659, 662 (5th Cir. 1979) (explaining that Rule 15(a) governs where a plaintiff seeks to eliminate fewer than all of its claims).

Granting leave also serves judicial economy. The putative class members' claims arise from the same telemarketing practices, the same calling technology, the same do-not-call procedures, and the same registration status that Plaintiff's individual claims already place at issue. If leave is denied, those claims could be pursued only in a separate action against the same Defendant arising from the same conduct, with a second round of pleadings and discovery on the same records and a risk of inconsistent determinations. Resolving them here, in one forum, on one record, and in a case already initiated, is precisely what Rules 1, 15, and 23 are designed for.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion, direct the Clerk to file the First Amended Class Action Complaint attached as Exhibit A as the operative complaint in this matter, and grant such further relief as the Court deems just and proper.

Dated: October 30, 2026

Respectfully submitted,

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
PA SBN 333687
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(G), I certify that on October 26, 2026, October 29, 2026, and telephonically on October 30, 2026 counsel for Plaintiff attempted to confer with counsel for Defendant VBM Acquisition, LLC regarding the relief requested in this Motion. No response to any of these communications was received.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.

**CERTIFICATE OF SERVICE**

I certify that on October 30, 2026, I filed the foregoing via the Court's CM/ECF system, which will automatically send a copy to all attorneys of record.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.