**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

**ERIC ANTHONY DE LA ROSA,** individually and on behalf of all others similarly situated,

*Plaintiff*,

*v.*

**VBM ACQUISITION, LLC d/b/a TOYOTA OF BOERNE, a Texas Limited Liability Company,**

*Defendant.*

Case No. 5:26-cv-01942

**CLASS ACTION**

**JURY TRIAL DEMANDED**

# [PROPOSED AMENDED] CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Eric Anthony De La Rosa ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against VBM Acquisition, ("Defendant") and alleges as follows:

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. However, the TCPA doesn't only restrict robocalls.

3. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress

enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

4. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

5. Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that VBM Acquisition, LLC ("Defendant"), violated the TCPA by sending multiple

telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent, after they had expressly requested not to be contacted, as well as sending such calls with illegal pre-recorded voices.

6. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

7. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

8. Plaintiff is an individual residing in the Texas.

9. Defendant is a limited liability company with headquarters in Boerne, Kendall County, Texas.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

11. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant resides within this district.

12. This court has supplemental jurisdiction over the state law claims.

## BACKGROUND

### A. The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.

13. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

<u>The TCPA Prohibits Prerecorded Calls to Cell Phones</u>

17. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

18. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

19. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

20. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

21. Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), or because the numbers are assigned to services for which the called party is charged, thus shifting the cost of automated or prerecorded messages onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

22. This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or any service, including residential, VoIP, and landline services, for which the called party is charged for the call. *See Perrong v. Victory Phones LLC*, No. CV 20-5317, 2021 WL 3007258, at *6 (E.D. Pa. July 15, 2021).

23. "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes calls made using artificial or prerecorded voices pitching services. *See* FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse, 31 FCC Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

24. Non-consensual, non-emergency calls placed using an ATDS or an artificial or prerecorded voice violate 47 U.S.C. § 227(b)(1)(A), regardless of the purpose of the call. *Victory Phones*, 2021 WL 3007258, at *6 (rejecting claim that noncommercial survey calls were exempt and holding that "[T]he operative language of the TCPA is unambiguous. Section 227(b)(1)(A) prohibits placing artificial and prerecorded voice calls to a variety of telephone numbers."). To hold otherwise would read the words "any person" and "any call" out of the statute. *See id.*

25. Realizing the particular harm to Texas residents that unsolicited telemarketing calls to them poses, the Texas Legislature passed Section 302.101 of the Texas Business and Commerce Code, which requires all "sellers" or "salespersons" making "telephone solicitations" inducing a person to "purchase, rent, claim, or receive an item," to register as such with the Texas Secretary of State. TEX. BUS. & COM. CODE §§ 302.001; 302.101.

26. Under the Code, a "telephone call" includes both voice calls and text message calls, including visual messages. *Id*. § 304.002(10).

27. The burden of proof lies on Defendant to show it registered each business location to prove its licensure or on proving an exemption. *Id*. § 302.051.

**FACTUAL ALLEGATIONS**

28. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

29. Defendant operates a car dealership and service center.

30. To drive revenue for its service department, Defendant engages in telemarketing campaigns to solicit vehicle maintenance appointments and sell related services.

31. Plaintiff is the subscriber and sole user of cellular telephone number (915) XXX-XXXX (the "Number").

32. 915 is a Texas area code.

33. Plaintiff's telephone number is a residential, non-commercial telephone number.

34. Plaintiff uses the telephone number for personal, residential, and household purposes.

35. The number is assigned to a residential telephone exchange service for consumers and not to a telephone exchange service for businesses.

36. The telephone number is assigned to a cellular service that is presumptively residential and was eligible for registration on the National Do Not Call Registry at all times relevant herein.

37. Plaintiff's telephone number has been listed on the National Do Not Call Registry since July 13, 2025.

38. Despite that fact, Defendant launched a solicitation campaign targeting Plaintiff beginning on or around December 9, 2025 when Defendant began calling and texting Plaintiff.

39. On or about that same date, Plaintiff explicitly requested Defendant cease all communications.

40. Notwithstanding this express revocation and demand to stop, Defendant ignored Plaintiff's request and continued to bombard him with calls and text messages.

41. The communications continued through February 2026.

42. Since the initial stop request, Plaintiff received at least ten unauthorized calls and text messages from Defendant.

43. A non-exhaustive list of these violations includes:

a. On Or about December 26, 2025, Plaintiff received a call from (210) 879-3235 to his Number. The call was a solicitation attempting to schedule vehicle maintenance.

b. On or about December 31, 2025, Plaintiff received an additional call from (210) 940-1041 to his Number. A representative identifying himself as "Ian" attempted to discuss and sell car maintenance services on behalf of Defendant.

c. On or about January 6, 2026, Plaintiff received a call from (210) 879-3235 to his Number. This call was identical to the call received on December 26. Plaintiff noted that the message, including the cadence, tempo, and tone of the voice, was identical to the previous call, indicating the use of a prerecorded voice or artificial intelligence rather than a live agent. The prerecorded was again soliciting vehicle maintenance services of Defendant.

d. On or about January 20, 2026, Plaintiff received another call from (210) 879-3235 to his Number in which Defendant's service department again attempted to solicit maintenance work.

e. On or about February 13, 2026 Plaintiff received a text message from (210) 630-4133 to his Number from "Julian" on behalf of Defendant attempting to try and sell him a 2026 4Runner vehicle. Plaintiff responded "Do not contact me anymore please" again requesting Defendant and their agents to cease communications.

44. The identical characteristics of the numerous calls received from (210) 879-3235 indicate that Defendant utilizes prerecorded or artificial voice technology to mass-dial consumers without human intervention.

45. Defendant is not registered with the Texas Secretary of State as required by the Business and Commerce Code. *Telephone Solicitors Search*, TEXAS SECRETARY OF STATE,

https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp (querying Defendant as either a DBA or seller name returns no results).

46. Defendant's continued contact after being told to stop demonstrates a willful and knowing disregard for the law and Plaintiff s privacy rights.

47. Additionally, the calls were sent after Plaintiff specifically requested not to be contacted by Defendant by a Defendant not registered as a solicitor in Texas.

48. 210 is a Texas area code.

49. Defendant's headquarters and principal place of business is in Texas.

50. As a result, and upon information and belief, Defendant sent the text message calls from a business location in Texas to an individual in Texas.

51. The messages were sent for the purpose of encouraging the purchase of Defendant's goods and services in Texas.

52. Defendant's unauthorized conduct has caused Plaintiff actual harm, including the invasion of his privacy, aggravation, nuisance, and the waste of his time and mobile device resources, such as data and battery life, in addressing these unwanted intrusions.

53. Plaintiff never provided consent or requested the calls.

54. The calls were unwanted and nonconsensual encounters.

55. Plaintiff's privacy has been violated by the above-described telemarketing calls.

56. As a result of Defendant's conduct, Plaintiff has been harmed because the calls were annoying, harassing, and a nuisance, and because they occupied Plaintiff's telephone line and attention, rendering it unavailable for legitimate personal communications.

## CLASS ACTION ALLEGATIONS

57. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

58. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message call from or on behalf of Defendant encouraging the purchase of its goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **Robocall Class**: Plaintiff and all persons within the United States: (1) to whose cellular telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint to trial.

> **Texas Business and Commerce Code Class:** All persons who (1) received a telephone solicitation call from or on behalf of Defendant, (2) at any time during which Defendant was not registered as a telephone solicitor with the Texas Secretary of State, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint to trial.

**59.** **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and

individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

60. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant' uniform illegal conduct.

61. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

62. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

a. Whether Defendant sent multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b. Whether Defendant made calls using artificial or prerecorded voices to Plaintiff and members of the Robocall Class;

c. whether Defendant sent the text message calls from a business location without having registered itself as required under the Texas Business and Commerce Code;

d. Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

e. Whether Defendant has established and implemented, with due care,

reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

f. Whether Defendant continued calling after having been asked to stop; AND

g. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

63. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members in each class, such that joinder of all members is impracticable.

64. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

d. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

65. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

66. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

67. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

68. These violations were willful or knowing.

69. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

70. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT II**
**Statutory Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227(b)) on behalf of the Robocall Class**

71. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

72. The Defendant violated the TCPA by sending or causing to be sent calls to the cellular telephones and other protected telephones of Plaintiff and members of the Robocall Class using a pre-recorded messages without their prior express written consent.

73. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

74. The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

75. Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

**COUNT III**
**Violations of Texas Business and Commerce Code § 302.101 (On Behalf of Plaintiff and the Texas Business and Commerce Code Class)**

76. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

77. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Texas Business and Commerce Code, § 302.101, by making telephone solicitation calls, to Plaintiff and members of the Texas Business and Commerce Code Class despite not holding a registration certificate for the business location from which the telephone solicitation is made.

78. Defendant's violations were negligent, willful, or knowing.

79. As a result of Defendant's violations of the Texas Business and Commerce Code, § 302.101, Plaintiff and members of the Texas Business and Commerce Code Class are presumptively entitled to a civil penalty of $5,000 for each violation under § 302.302, plus all reasonable costs of prosecuting the action.

**COUNT IV**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Registry Class)**

80. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

81. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

82. Defendant's violations were negligent, willful, or knowing.

83. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Classes, respectfully request that the Court enter judgment against Defendant for:

A. Certification of the Classes as alleged herein;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned as counsel for the Classes;

D. Damages to Plaintiff and members of the Classes pursuant to 47 U.S.C. § 227(c)(5);

E. Injunctive relief for Plaintiff and members of the Classes, pursuant to 47 U.S.C. § 227(c)(5), preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry, to those who have asked them to stop, or while using artificial or pre-recorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

F. Damages to Plaintiff and members of the Texas Business and Commerce Code Class pursuant to that statute;

G. Attorneys' fees and costs, as permitted by law; and

H. Such other or further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this October 26, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com